UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | |
| v. | |
| Troy Caruso, and John Nolan, *Defendants.* | |

**Protective Order**

**23 Cr. 654 (LJL)**

       Upon the application of the United States of America, with the consent of the undersigned counsel for the defendant, and the defendant, **John Nolan**, having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

<u>Categories</u>

       1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

       2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that affects or may affect the privacy and

08.02.2023

confidentiality of individuals and/or certain entities; identifies, or could lead to the identification

of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and

property, as well as the lives, persons and property of loved ones, will be subject to risk of harm

absent the protective considerations set forth herein; and/or may reveal trade secrets or other

information that may cause financial loss or other harm to a business entity.

    3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a

particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of

ongoing investigations. Disclosure Material produced by the Government to the defendant or his

counsel that is either (i) designated in whole or in part as "Attorney's Possession Only" by the

Government in emails or communications to defense counsel; or (ii) that includes a Bates or other

label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any

material designated as APO Material shall also be deemed Sealed Material.

    4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more

significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of

ongoing investigations. Disclosure Material produced by the Government to the defendant or his

counsel that is either (i) designated in whole or in part as "Attorney's Eyes Only" by the

Government in emails or communications to defense counsel; or (ii) that includes a Bates or other

label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material

designated as AEO Material shall also be deemed Sealed Material.

    NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

<u>**Disclosure and Treatment**</u>

    5. Disclosure Material shall not be disclosed by the defendant or defense counsel,

including any successor counsel ("the defense") other than as set forth herein, and shall be used

08.02.2023

by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.  Sealed Material pertinent to any motion before the Court:

    a.  Should initially be filed under seal, absent consent of the Government or Order of the Court;

    b.  Shall be maintained in a safe and secure manner;

    c.  May not be disseminated, shared, or shown to others by copies or otherwise by the defendant; and

    d.  May be disclosed by defense counsel to:

        i.  The defendant;

        ii.  Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

        iii.  Prospective witnesses for purposes of defending this action.

7.  APO Material received by defense counsel:

    a.  Shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible;

    b.  Shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible;

    c.  May be shown in person to the defendant and to potential defense witnesses, to the extent deemed necessary by defense counsel and only for use in trial preparation, and only

3

08.02.2023

after such potential defense witnesses have read and signed this Order acknowledging that such individual(s) are bound by this Order. APO Material, including any physical copies, electronic copies, screenshots, photographs, or portions thereof, shall not be possessed by the defendant or any potential defense witnesses, except in the presence of the defendant's counsel.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

## Other Provisions

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from: Troy Caruso and John Nolan. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

11. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in

4

08.02.2023

writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

14. This Order places no restriction on the defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant that he independently has access to separate from the Disclosure Material.

08.02.2023

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: 12/28/2023

Jane Kim / Nicholas Folly
Assistant United States Attorneys

_____          Date: 12/28/23

Michael Bachner, Esq.
Counsel for John Nolan

SO ORDERED:

Dated: New York, New York
~~December~~ , ~~2023~~
January 4, 2024

_____
THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

6

08.02.2023